UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE DEANNA RUFF,

      Plaintiff,                      Civil Action No. 22-cv-12805
                                         HON. BERNARD A. FRIEDMAN

vs.

UNITED STATES OF AMERICA,
KEVIN THYAS, LAWRENCE BASQUIN,
KIPLING DUNCAN a/k/a DANNY CAIN,

      Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, DISMISSING THE COMPLAINT, AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Before the Court are pro se plaintiff Bobbie Deanna Ruff's application to proceed without prepaying fees or costs and motion to appoint counsel. (ECF Nos. 2, 3). For the following reasons, the Court shall grant the application, dismiss the complaint, and deny the motion as moot.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court is required to dismiss a complaint filed in forma pauperis if the Court determines that

the action is frivolous or that it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact" or describes "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

This is a frivolous case brought against the United States and individuals identified as a "federal agent," "FBI," and an "FBI informant." (ECF No. 1, PageID.2-3).[1] Ruff claims she was subpoenaed to testify against the FBI and that shortly afterwards she had a house fire. (*Id.* at PageID.5). She asserts that an "FBI [agent] posing as an EMS worker was at [her] home that night (Sept. 12, 2018)" and that "[h]e tried to get me to lay down on the stretcher to get checked out." (*Id.*). She alleges that this individual "had his own [vehicle] #777" and that he "also had this vehicle in Ohio 5-11-2020." (*Id.*). Ruff claims that the individual

---

[1] The majority of the complaint is written in all capital letters. Capitalization within quotations throughout this order have been adjusted for ease of reading.

"also tried to attack [her] this day and was a part of [her] attack involving a chemical warfair [sic] weapon and two different IM medications 'per scar.'" (*Id.*).

Ruff alleges that on May 11, 2020, she "was told [her] brother may not make it," and that she went up to his hospital room. (*Id.*). She claims that "[s]hortly after entering [she] was attacked with sleeping gas twice by an unknown male whom portreyed [sic] himself to be a Dr. or nurse." (*Id.*). She alleges that "[w]hile knocked out [she] was attacked with two IM medications that [her] heart doctor says caused an instant heart attack." (*Id.*). Ruff claims that "[t]hey used freshly thawed blood to distract [her]" and that she awoke "in a state of confusion that lasted almost two entire years." (*Id.*). Ruff goes on to allege that although she believed her brother was "bleeding out," that was not the case because "it was not his blood" that she saw. (*Id.*, PageID.7). She claims that although she "paid ½ for and attended his funeral and burial services," he "now has a new name." (*Id.*).[2]

Ruff asserts that a "few months before this attack" she was asked by "a DPD officers [sic] lawyer, 'if I were to be murdered, would my son know Mubarez did it.'" (*Id.*). She claims that a "few days later [she] was followed [through] multiple towns after being approached in a gas station [by] two African American males." (*Id.*). Ruff asserts that "[t]he driver was present at day of [her] attack both at Shelby Hospital and Mansfield Hospital." (*Id.*). She claims that upon her

---

[2] She appears to list this individual as a defendant who allegedly acted as an FBI informant. (*Id.* at PageID.3, 25).

discovery of her sibling's alleged new name, she "was detained and held against [her] will for 12 days being drugged multiple times even to the point of over dose." (*Id.*). She asserts that she "was given and [prescribed] medication that would damage [her] heart or cause sudden death" and that her "sibling Stacey Duncan assisted them in both crimes." (*Id.*). Ruff claims that she has been denied medical tests and treatment, that she has been monitored in her "own home in private places," that she has been mocked, and that she has "been threatened as have others." (*Id.*).

Ruff's allegation that she was attacked with chemical warfare, stalked, held against her will, and drugged to the point of overdose by the United States and individuals working for the FBI is "irrational" and "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the complaint is subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The complaint separately fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (cleaned up). Ruff asserts federal question jurisdiction but does not identify any federal statute or caselaw for her claims. (ECF No. 1, PageID.3). Instead, she cites only "personal injury/other" as the basis for her complaint. (*Id.*, PageID.4). "Personal injury/other" are not

laws or legal standards. "A failure to identify a right, privilege or immunity that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted." *Perry v. United Parcel Serv.*, 90 F. App'x. 860, 861 (6th Cir. 2004). Accordingly,

IT IS ORDERED that Ruff's application to proceed without prepaying fees and costs is GRANTED.

IT IS FURHTER ORDERED that the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that Ruff's motion for appointment of counsel is DENIED AS MOOT.

Dated: December 8, 2022  
    Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 8, 2022.

**Bobbie Deanna Ruff**  
28 E. Pleasant St.  
River Rouge, MI 48218

s/Johnetta M. Curry-Williams  
Case Manager